UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



| | |
|---|---|
| UNITED STATES OF AMERICA | |
| -v.- | CRIMINAL CASE NO. 2:23CR71 |
| HABEEB AYODEJI ANIBABA | |
| Defendant. | |

**AFFIDAVIT IN SUPPORT OF REQUEST FOR**

**EXTRADITION OF HABEEB AYODEJI ANIBABA**

I, Assistant United States Attorney Elizabeth M. Yusi, being duly sworn, state that:

1.      I am a citizen of the United States of America and a resident of the State of Virginia.  I make this affidavit in support of the request of the United States of America to the United Kingdom of Great Britain and Northern Ireland for the extradition of HABEEB AYODEJI ANIBABA ("ANIBABA").

2.      I graduated from Washington and Lee University School of Law.  I am licensed to practice law in the State of Virginia.  From January 1, 2010, to the present, I have been employed by the U.S. Department of Justice as an Assistant U.S. Attorney for the Eastern District of

1

Virginia. My duties are to prosecute persons charged with criminal violations of the laws of the United States. During my practice as an Assistant U.S. Attorney, I have become knowledgeable about the criminal laws and procedures of the United States.

3. In the course of my duties, I have become familiar with the charges and evidence in the above-captioned case of ANIBABA, criminal case number 2:23CR71. The charges arose out of an investigation by the Federal Bureau of Investigation and the U.S. Attorney's Office for the Eastern District of Virginia (together, the "U.S. authorities"). The investigation revealed that between approximately August 2019 and July 2020, ANIBABA, among unknown others, engaged in a scheme to defraud citizens of the United States and the City of Norfolk, Virginia. Specifically, ANIBABA engaged in a romance fraud scheme where he developed online relationships with women. ANIBABA provided the routing information for one of the City of Norfolk's corporate bank accounts, which he fraudulently accessed, to the targeted women. He convinced the women to draw funds from the City of Norfolk's bank account and then send him (i) money from that account or (ii) gift and prepaid credit cards the women purchased from funds they withdrew from that account. ANIBABA caused hundreds of withdrawals from the City of Norfolk's corporate bank account, resulting in a loss of approximately US$1.3 million.

## SUMMARY OF THE FACTS OF THE CASE

4. In July 2020, the Federal Bureau of Investigation ("FBI") Norfolk received information from representatives of the city of Norfolk (the "City") alleging that approximately US$1.3 million had been fraudulently debited via Automated Clearing House (ACH) transfers

2

from the City's corporate account between August 2019 and July 2020. The City became aware of these debits in July 2020 after SunTrust Bank, the holding financial institution, informed the City of the fraudulent transfers.

5.     During that time period, there were approximately 900 separate transactions, ranging from small dollar amounts to US$20,000 transactions. The ACH debits were sent to various companies, including Capital One, Wells Fargo, American Express, Discover, Verizon, Chase, Macy's, Nissan, and others. There appeared to be a pattern as to the names of individuals who were in receipt of these ACH debits; however, the names were not recognized as City employees or any of the vendors associated with the City.

6.     Initial investigation into the recipients of the ACH transactions revealed that many of the recipients were young women, between the ages of 20-30 years old, who were apparent victims of a romance scam. During FBI interviews, the women explained that they met individuals online, either by the names of "James Harold" or "Zoey Chase," through various online dating applications. The stories provided by "James Harold" and "Zoey Chase" to the women were similar. The scammer(s) purported to reside in the United States but told the females they were working temporarily overseas in the oil industry. Additionally, relatively quickly into their online relationships, the scammer(s) asked for help from the women in transferring money from the City's bank account to their bank accounts. The scammer(s) claimed that they could not access money from overseas and therefore needed the women to transfer money from the scammer's bank into the women's bank accounts. The scammer(s) then

3

asked the women to access the SunTrust Bank and use funds from that account to purchase gift cards for the scammer or transfer the money to various cryptocurrency exchanges. The bank account information provided by the scammer(s) was the City's corporate account.

7.    U.S. authorities charged ANIBANA with the following fraudulent transactions. These transactions totaled US$16,000. US authorities have evidence that the City of Norfolk was defrauded of US$1,300,000 total throughout the course of the scheme.

| Date | Description | Approximate Amount (US$) |
|---|---|---|
| August 21, 2019 | ANIBABA caused D.M. to obtain an ACH payment from Norfolk's SunTrust Bank account | $559.40 |
| September 23, 2019 | ANIBABA caused D.B. to obtain an ACH payment from Norfolk's SunTrust Bank account | $990.44 |
| September 23, 2019 | ANIBABA caused V.C. to obtain an ACH payment from Norfolk's SunTrust Bank account | $5,000.00 |
| October 21, 2019 | ANIBABA caused E.H. to obtain an ACH payment from Norfolk's SunTrust Bank account | $900.00 |
| November 1, 2019 | ANIBABA caused E.H. to obtain an ACH payment from Norfolk's SunTrust Bank account | $1,000.00 |
| December 16, 2019 | ANIBABA caused E.H. to obtain an ACH payment from Norfolk's SunTrust Bank account | $799.21 |
| January 7, 2020 | ANIBABA caused V.G. to obtain an ACH payment from Norfolk's SunTrust Bank account | $968.95 |
| February 6, 2020 | ANIBABA caused V.G. to obtain an ACH payment from Norfolk's SunTrust Bank account | $1,362.76 |
| March 6, 2020 | ANIBABA caused C.M. to obtain an ACH payment from Norfolk's SunTrust Bank account | $1,000.00 |
| April 9, 2020 | ANIBABA caused C.M. to obtain an ACH payment from Norfolk's SunTrust Bank account | $1,000.00 |
| May 27, 2020 | ANIBABA caused C.M. to obtain an ACH payment from Norfolk's SunTrust Bank account | $300.00 |
| June 2, 2020 | ANIBABA caused E.H. to obtain an ACH payment from Norfolk's SunTrust Bank account | $1,044.39 |
| July 1, 2020 | ANIBABA caused E.H. to obtain an ACH payment from Norfolk's SunTrust Bank account | $1,093.58 |

4

8.     Through a thorough investigation which included multiple search warrants and analysis of cryptocurrency transactions, the FBI eventually identified one of the co-conspirators in the scheme as ANIBABA.

9.     For example, Witness 1 stated she was instructed by "James Harold," a man she met on an online dating app, to send money from the City's SunTrust Bank account to a particular Bitcoin wallet.  Witness 1 moved money from the City's SunTrust Bank account and sent it to the wallet.

10.     The FBI contacted one of the the cryptocurrency exchanges involved in the transaction, Binance.  Binance provided the customer information associated with the Bitcoin wallet, which included a customer who provided the email ayobabyz07@gmail.com.  The FBI then contacted Google LLC, who operated the email address, for more information.

11.     The FBI executed a search warrant on the ayobabyz07@gmail.com account and its associated accounts.  Google LLC provided information on the email address, which included a number of other emails associated with the customer.

12.     A review of the email content revealed email communication from the online dating platform Hinge to "James" with profile matches, statements from Paxful and Blockchain and several financial institutions, and communication which suggested that the subscriber attended Obafemi Awolowo University in Nigeria.  One of the emails was for "Zoey Chase," which was another fake named used by the scammers on the dating websites.

5

13.     Additionally, a review of the "voice communications" section provided by Google revealed hundreds of text message chains between the subscriber and other individuals who appear to have the met the subscriber on Hinge and referred to the subscriber as "James Harold." The story line provided by the subscriber mirrored that which was described by Victim 1, as well as the other victims who were interviewed regarding this investigation, in that the subscriber purported to be employed overseas as an oil engineer and needed assistance with access to his/her funds.  The subscriber engaged in romantic conversation with the victims to gain their trust, and then attempted to dupe the victims into fraudulently transferring money via gift cards or cryptocurrency exchange.

14.     ANIBABA also used the cryptocurrency marketplace, Paxful, to receive Bitcoin transactions as part of the scheme.  Paxful required identification for their subscribers. ANIBABA provided a Nigerian a Federal Republic of Nigeria Voter's Card in his name, with his photograph, as part of his account registration.

## PROCEDURAL HISTORY OF THE CASE

### The Charging Process

15.     Under the federal law of the United States, a criminal prosecution is commenced when a grand jury files an Indictment.  Institutionally, a grand jury, though an arm of the court, is an independent body composed of private citizens—not less than 16 and not more than 23 people—whom the U.S. District Court selects at random from the residents of the judicial district in which the court resides.  The purpose of the grand jury is to review the evidence of crimes

presented to it by U.S. law enforcement authorities. After independently reviewing this evidence, each member of the grand jury must determine whether there is sufficient evidence to believe that a crime has been committed and that a particular person committed that crime. If at least 12 grand jurors find that the evidence they have reviewed is sufficient to believe that a particular person committed the crime, the grand jury may return an Indictment. An Indictment is a formal written accusation that charges the particular person, now a defendant, with a crime, and identifies the specific laws that the defendant is accused of violating.

16.    After a grand jury returns the Indictment, a warrant for the defendant's arrest may be issued at the direction of a United States District Judge or Magistrate Judge. Under United States law, the arrest warrant is simply a document authorizing a law enforcement officer to take physical custody of a defendant and bring him to court to answer the charges contained in the Indictment. The type of detail on the face of an arrest warrant regarding the charges against a defendant can vary by district. The fact that an arrest warrant summarizes the outstanding charges in words, provides only some of the relevant statutory citations, or merely references the Indictment does not alter the validity of the arrest warrant to authorize a defendant's arrest on all the charges contained in the corresponding Indictment. Under United States law, it is the Indictment, and not an arrest warrant, that controls the specific number and type of offenses with which the defendant is charged.

## The Charges and Pertinent U.S. Law

17.    On June 7, 2023, a grand jury sitting in Norfolk, Virginia, within the Eastern

7

District of Virginia, returned an Indictment, charging HABEEB AYODEJI ANIBABA, with the following federal criminal offenses in violation of the laws of the United States:

Counts One-Thirteen:          Bank Fraud, in violation of Title 18, U.S. Code, Sections 1344 and 2, which carries a maximum penalty of thirty years in prison.

18.    This Indictment was filed with the U.S. District Court for the Eastern District of Virginia. It is the practice of the U.S. District Court for the Eastern District of Virginia to retain the original Indictment and file it with the records of the court. Therefore, I have obtained a copy of the Indictment from the clerk of the court and have attached it to this affidavit as **Exhibit 1.**

19.    On June 7, 2023, based on the filing of the Indictment, the U.S. District Court for the Eastern District of Virginia issued a warrant for ANIBABA's arrest. The arrest warrant remains valid and executable to apprehend ANIBABA on the charges set forth in the Indictment. It is the practice of the U.S. District Court for the court to retain the original arrest warrant and file it with the records of the court. Therefore, I have obtained from the clerk of the court copies of the arrest warrant for ANIBABA and have attached it to this affidavit as **Exhibit 2.**

20.    Each count of the Indictment charges a separate offense. Each offense is punishable under a statute that: was the duly enacted law of the United States at the time the offense was committed; was the duly enacted law of the United States at the time the Indictment was filed; and is currently in effect.

8

21.    Each offense is a felony offense punishable under U.S. law by more than one year of imprisonment. I have attached copies of the pertinent sections of these statutes and the applicable penalty provisions to this affidavit as **Exhibit 3.**

### Elements for Counts One through Thirteen

22.    Counts One through Thirteen charge ANIBABA with Bank Fraud. To satisfy its burden of proof and convict ANIBABA on this Count, the United States must establish that:

a.    That ANIBABA knowingly executed a scheme or artifice to defraud and obtain the money, funds or other property owned by or under the control of SunTrust Bank, by means of material false or fraudulent pretenses, representations or promises;

b.    That ANIBABA did so with the intent to deceive SunTrust Bank and obtain SunTrust Bank property; and

c.    That SunTrust Bank was then insured by the Federal Deposit Insurance Corporation.

### Summary of the Evidence for Counts One through Thirteen

23.    The United States will meet the elements for Count One through Thirteen by showing that: (1) ANIBABA and others knowingly executed a scheme or artifice to defraud and obtain the money, funds or other property owned by or under the control of SunTrust Bank, namely, US$1,300,000 between August 2019 and July 2020, by means of material false or fraudulent pretenses, representations or promises; (2) that ANIBABA and others did so with the

9

intent to deceive SunTrust Bank and obtain SunTrust Bank property; and (3) that SunTrust Bank was then insured by the Federal Deposit Insurance Corporation.

24.    At trial, the United States anticipates relying on the following evidence, among other evidence, to establish the elements required for Counts One through Thirteen:

    a.  Testimony of a City of Norfolk witness regarding the SunTrust Bank account;

    b.  SunTrust Bank witness testimony and records for the charged fraudulent withdrawals;

    c.  Access Bank PLC records for ANIBABA's account;

    d.  Bank and account records from other banks and companies where money traveled to such as Best Buy, USAA, and others;

    e.  Google records, including mail messages regarding online dating applications, school records, Bitcoin transactions, bank transactions, and other relevant content and subscriber information;

    f.  Bitcoin currency transactions;

    g.  Virtual currency tracing documents;

    h.  Google Pay documents; and

    i.  Testimony of witnesses who were engaged in an online romance with ANIBABA.

### Aiding and Abetting Liability

25.     As an alternative theory of liability, Counts One through Thirteen charge ANIBABA with aiding and abetting in the commission of the crimes charged in Counts One Through Thirteen.  Aiding and abetting, under Title 18, United States Code, Section 2, provides that whoever commands, procures, assists in, or causes the commission of a crime shall be held accountable and punished in the same manner as the principal, or the person who actually carried out the task.  Additionally, whoever willfully causes an act to be done that would be a federal crime if directly performed by him is punishable as a principal.

26.     Based on this theory of liability, ANIBABA may be found guilty of Counts One through Thirteen even if he did not personally perform every act involved in the commission of the crimes charged, as long as he intentionally helped, encouraged, or willfully caused another to commit the crimes.

27.     Based on the evidence set forth above, ANIBABA is liable both as a principal and as an aider and abettor of the criminal activity.

### FORFEITURE ALLEGATIONS

28.     The indictment also includes forfeiture allegations, notifying HABEEB AYODEJI ANIBABA of the intent of the United States to seek forfeiture of property constituting and derived from proceeds obtained from the violations charged in the indictment, pursuant to Title 18, United States Code, and Section 982(a)(2)(A).  In addition to imprisonment and a criminal fine, United States law provides for the seizure and forfeiture of property of the

11

defendant that constitutes the proceeds of fraud schemes. A criminal forfeiture may be alleged in an indictment, along with substantive crimes. Asset forfeiture is not a substantive offense or an element of the crime but is a part of the punishment imposed upon conviction for certain criminal offenses. The criminal forfeiture allegation in the indictment provides the accused with notice that the United States government will seek to forfeit certain property, or a money judgment and substitute assets, if the defendant is convicted. The relevant portions of the forfeiture statute is included in Exhibit 3.

### HABEEB AYODEJI ANIBABA's LOCATION

29.    ANIBABA is in the custody of the UK authorities.

### IDENTIFICATION INFORMATION FOR HABEEB AYODEJI ANIBABA

30.    ANIBABA is a male citizen of Nigeria, born on July 22, 1997, in Nigeria. ANIBABA was assigned Federal Republic of Nigeria, Voter ID Card A35010380, VIN 90F5AE4E77527848845. He is black and has brown eyes and brown eyes.

31.    Paxful, an online cryptocurrency market, provided the Nigerian voter card attached as **Exhibit 4** to law enforcement. ANIBABA submitted this identification to Paxful in order to open an account with the company.

### SURRENDER OF PROPERTY

32.    Pursuant to Article 16 of the Annex to the U.S.—UK Extradition Instrument, it is requested that any items relevant to the charged offenses and found in ANIBABA possession at the time of his arrest be delivered to the United States if he is found to be extraditable.

12

## CONCLUSION

33.    The following attachments support this request for the extradition of HABEEB AYODEJI ANIBABA:

      a.    Exhibit 1 is a copy of the Indictment.

      b.    Exhibit 2 is a copy of the arrest warrant against HABEEB AYODEJI ANIBABA.

      c.    Exhibit 3 is a copy of the pertinent sections of the following statutes and their penalties:

           (1)    Title 18, U.S. Code, Section 1344 and 2;

           (2)    Title 18, U.S. Code, Section 2.

      d.    Exhibit 4 is a copy of a photograph of ANIBABA.

13

34.     I have thoroughly reviewed the government's evidence against ANIBABA and attest that this evidence indicates that ANIBABA is guilty of the offenses charged in the Indictment.

Executed this 10ᵗʰ day of September, 2025, at Norfolk, Virginia, United States of America.

BY: _____
Elizabeth M. Yusi
Assistant U.S. Attorney

Signed and sworn to before me this 10th day of September, 2025, at Norfolk, Virginia, United States of America.

_____
HONORABLE DOUGLAS E. MILLER
United States Magistrate Judge

14

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

> FILED
> IN OPEN COURT
>
> JUN – 7 2023
>
> CLERK, U.S. DISTRICT COURT
> NORFOLK, VA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | UNDER SEAL |
| | ) | |
| v. | ) | No. 2:23CR⁊|\ |
| | ) | |
| HABEEB AYODEJI ANIBABA, | ) | 18 U.S.C. § 1344 |
| | ) | **Bank Fraud** |
| Defendant. | ) | (Counts 1-13) |
| | ) | |
| | ) | 18 U.S.C. § 982(a)(2)(A) |
| | ) | **Forfeiture** |

June 2023 Term – at Norfolk, Virginia

## INDICTMENT

THE GRAND JURY CHARGES THAT:

Unless otherwise specified, at all times relevant to this Indictment:

### GENERAL ALLEGATIONS

1.      The City of Norfolk ("Norfolk"), within the Eastern District of Virginia, maintained a corporate bank account at SunTrust Bank (now known as Truist Bank), a financial institution as defined under Title 18, United States Code, Section 20.

2.      Defendant HABEEB AYODEJI ANIBABA ("ANIBABA") was an adult male who lived in the country of Nigeria.

3.      Beginning in or about August 2019, and continuing through in or about July 2020, in the Eastern District of Virginia and elsewhere, the defendant, ANIBABA, devised, and intended to devise, a scheme and artifice to defraud and fraudulently obtain money and property owned by, and under the custody and control of, SunTrust Bank, by means of materially false and fraudulent pretenses, representations, and promises.

## PURPOSE OF THE SCHEME

4.      The purpose of ANIBABA's scheme and artifice to defraud SunTrust Bank was for the defendant to obtain money and property from Norfolk's SunTrust Bank account to which he was not entitled by leveraging romantic, online relationships with various women.

## MANNER AND MEANS

5.      The manner and means by which ANIBABA carried out the scheme and artifice to defraud SunTrust Bank included, but were not limited to, the following:

6.      ANIBABA obtained pertinent information of Norfolk's corporate SunTrust Bank account so he was able to initiate and obtain Automated Clearing House (ACH) payments from the account.

7.      Beginning at least in or about August 2019, and continuing through in or about July 2020, ANIBABA met various women around the United States on online dating websites.

8.      On these websites, ANIBABA falsely portrayed himself as various fictitious, single men and women living in the United States and developed online romantic relationships with women.

9.      Leveraging the romantic relationships, ANIBABA convinced these unwitting women to send him money for various reasons, including through excuses such as ANIBABA had lost or forgot his bank debit cards and could not obtain money, or that he was struggling financially. ANIBABA convinced the women to help him obtain money through various means. ANIBABA had the women purchase gift cards and prepaid credit cards and send the card information to ANIBABA. At other times, ANIBABA would have the women send money to individuals through Venmo or PayPal. ANIBABA also received money by having the women purchase Bitcoin for his benefit.

2

10.     ANIBABA would "repay" the women by giving them his purported SunTrust

Bank account information from which the women could initiate and obtain ACH payments to

their own bank account and pay their credit card bills or other bills.   In truth and fact, the

SunTrust Bank account provided by ANIBABA was Norfolk's corporate bank account.

11.     Between in or about August 2019 through in or about July 2020, ANIBABA

caused over 1,000 withdrawals of funds from Norfolk's corporate SunTrust Bank account,

resulting in a loss of over $1.2 million from Norfolk's SunTrust Bank account.

## COUNTS ONE THROUGH THIRTEEN

12.     Paragraphs 1 through 11 of the General Allegations section of this Indictment are

incorporated by reference as though fully set forth herein.

13.     On or about the dates and in the manner set forth below, HABEEB AYODEJI

ANIBABA, defendant herein, did knowingly and intentionally execute and attempt to execute

and cause to be executed, in the Eastern District of Virginia and elsewhere, the aforesaid scheme

and artifice to defraud SunTrust Bank and to obtain moneys, funds, credits, assets, securities, and

other property owned by and under the custody and control of SunTrust Bank (now known as

Truist Bank), a financial institution as defined under Title 18, United States Code, Section 20, by

means of materially false and fraudulent pretenses, representations, and promises, as identified

below:

3

| Count | Date | Description | Approximate Amount |
|---|---|---|---|
| 1 | August 21, 2019 | ANIBABA caused D.M. to obtain an ACH payment from Norfolk's SunTrust Bank account | $559.40 |
| 2 | September 23, 2019 | ANIBABA caused D.B. to obtain an ACH payment from Norfolk's SunTrust Bank account | $990.44 |
| 3 | September 23, 2019 | ANIBABA caused V.C. to obtain an ACH payment from Norfolk's SunTrust Bank account | $5,000.00 |
| 4 | October 21, 2019 | ANIBABA caused E.H. to obtain an ACH payment from Norfolk's SunTrust Bank account | $900.00 |
| 5 | November 1, 2019 | ANIBABA caused E.H. to obtain an ACH payment from Norfolk's SunTrust Bank account | $1,000.00 |
| 6 | December 16, 2019 | ANIBABA caused E.H. to obtain an ACH payment from Norfolk's SunTrust Bank account | $799.21 |
| 7 | January 7, 2020 | ANIBABA caused V.G. to obtain an ACH payment from Norfolk's SunTrust Bank account | $968.95 |
| 8 | February 6, 2020 | ANIBABA caused V.G. to obtain an ACH payment from Norfolk's SunTrust Bank account | $1,362.76 |
| 9 | March 6, 2020 | ANIBABA caused C.M. to obtain an ACH payment from Norfolk's SunTrust Bank account | $1,000.00 |
| 10 | April 9, 2020 | ANIBABA caused C.M. to obtain an ACH payment from Norfolk's SunTrust Bank account | $1,000.00 |
| 11 | May 27, 2020 | ANIBABA caused C.M. to obtain an ACH payment from Norfolk's SunTrust Bank account | $300.00 |
| 12 | June 2, 2020 | ANIBABA caused E.H. to obtain an ACH payment from Norfolk's SunTrust Bank account | $1,044.39 |
| 13 | July 1, 2020 | ANIBABA caused E.H. to obtain an ACH payment from Norfolk's SunTrust Bank account | $1,093.58 |

(All in violation of Title 18, United States Code, Sections 1344 and 2).

4

## FORFEITURE

THE GRAND JURY FURTHER FINDS PROBABLE CAUSE THAT:

1.      The defendant, if convicted of any of the violations alleged in this Indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of the violation.

2.      If any property that is subject to forfeiture above is not available, it is the intention of the United States to seek an order forfeiting substitute assets pursuant to Title 21, United States Code, Section 853(p) and Federal Rule of Criminal Procedure 32.2(e).

3.      The property subject to forfeiture includes, but is not limited to:

a.  A sum of money not less than $ 1,299,556.21 in U.S. currency, representing the amount of proceeds the defendant obtained as a result of the violations alleged herein.

(Pursuant to Title 18, United States Code, Section 982(a)(2)(A).)

Pursuant to the E-Government Act,
the original of this page has been filed
under seal in the Clerk's Office.

A TRUE BILL:

REDACTED COPY

_____

FOREPERSON

JESSICA D. ABER
UNITED STATES ATTORNEY

By: _____

Elizabeth M. Yusi
Assistant United States Attorney

Certified to be a true and correct copy of the
original,
Fernando Galindo, Clerk
U.S. District Court
Eastern District of Virginia

By: _____

Date: 08/20/2025

6

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Virginia

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No.   2:23cr71 |
| | ) | |
| HABEEB AYODEJI ANIBABA | ) | |
| | ) | |
| | ) | |
| *Defendant* | ) | |

**COPY**

**SEALED**

## ARREST WARRANT

To:     Any authorized law enforcement officer

   **YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*   Habeeb Ayodeji Anibaba                                          ,
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment          ☐ Superseding Indictment       ☐ Information     ☐ Superseding Information     ☐ Complaint

☐ Probation Violation Petition       ☐ Supervised Release Violation Petition      ☐ Violation Notice    ☐ Order of the Court

This offense is briefly described as follows:

   T.18:1344 -  Bank Fraud

Date:     06/07/2023

City and state:    Norfolk, Virginia

*Issuing officer's signature*

Lawrence R. Leonard, U.S. Magistrate Judge
*Printed name and title*

| Return |
|---|

This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____
at *(city and state)*   _____ .

Date:  _____

Certified to be a true and correct copy of the
original,
Fernando Galindo, Clerk
U.S. District Court
Eastern District of Virginia
By: _____
Date: 08/20/2025

*Arresting officer's signature*

*Printed name and title*

## <u>Exhibit 3</u>

### Title 18, U.S. Code Section 1344

Whoever knowingly executes, or attempts to execute, a scheme or artifice—

(1) to defraud a financial institution; or

(2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises;

shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

### Title 18, U.S. Code Section 2

(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

### Title 18, U.S. Code Section 982(a)(2)(A)

(a)

…

(2) The court, in imposing sentence on a person convicted of a violation of, or a conspiracy to violate—

(A) section ….1344… of this title, affecting a financial institution

…

shall order that the person forfeit to the United States any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation.

**Exhibit 4**



**ANIBABA' Nigerian Voter Card**